FELIX COMOUCHE AND HORACE COMOUCHE V. THE STATE.

No. 16438. Delivered March 14, 1934.

Reported in 69 S. W. (2d) 417.

The opinion states the case.

*R. G. Robertson,* of Port Arthur, for appellants.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

KRUEGER, JUDGE.—The appellants were charged with the offense of an assault with intent to murder and convicted of an aggravated assault and battery, the punishment assessed being a fine of $25.00 and 90 days in jail.

The testimony on the part of the state shows that on January 22, 1933, Joe Coleman, the injured party, and Felix Comouche, one of the appellants, had been to a party. They returned to the home of Coleman about 7:15 P. M. Felix Comouche did not live at Coleman's house but spent the greater part of his time there. After reaching Coleman's home, Felix inquired of Coleman about his, Felix's, coat. Coleman told him he did not know where it was and for him to go home and come back the next morning for it. After this remark Felix struck Coleman and Coleman struck Felix with a heavy chair, whereupon Felix left but soon thereafter returned with his son Horace, broke open the door of Coleman's home and began to throw rocks into his house. Coleman ran out of the house and as he did so Horace stabbed him and Felix hit him with a stick, inflicting serious wounds upon him. The appellant's version of the affair is that Horace was not present at all at the home of Coleman at the time of the difficulty between Coleman and Felix; that Coleman became angry when Felix inquired about his coat and ordered him, Felix, to leave. That when Felix insisted upon looking for his coat, Coleman struck him in the face, knocking out several teeth, whereupon Felix began to cut Coleman with a knife; that after the difficulty, Felix started to the home of his son, Horace, and while en route he met Roy Holliday, who carried him to the home of his son Horace. When they arrived at the home of Horace, they found Horace at home with Clarence Williams and Isaac Broussard. Holliday, Williams, and Broussard corroborated appellants in their version of the affair.

The court in his charge submitted the issue of aggravated assault and battery, simple assault and battery, self-defense, and an alibi. The appellants' only objection to the court's charge was that the court did not submit to the jury the issue of defense by Horace in behalf of his father Felix. If the evidence had raised said issue or said theory of defense by Horace in behalf of his father, no doubt the court would have charged on the same, but the appellants denied that Horace had anything to do with the difficulty, denied his presence at the home of Coleman at the time of the difficulty, and were supported in this by the testimony of Holliday, Williams, and Broussard. Not having raised the issue by any testimony nor relied thereon, it was not error on the part of the court to fail to instruct the jury on said theory. In support of the views herein expressed we cite the following authorities: Mitchell v. State, 38 Texas Crim. Rep., 170; Rembert v. State, 148 S. W., 1097.

Finding no error in the record, the judgment of the trial court is in all things affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.